**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| FREDRICK W. BARNES,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF SIDNEY OHIO, *et al.*,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:26-cv-00374<br><br>District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |

## ORDER FOR AMENDED *IN FORMA PAUPERIS* APPLICATION

Plaintiff Fredrick W. Barnes recently submitted a Complaint and related documents to this Court. Plaintiff Barnes sues the City of Sidney, Ohio, and several public officials for, among other things, not returning two flash drives to him. (*See* Doc. No. 1-2.) The resulting case is assigned to District Judge Michael J. Newman. Certain matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's General Order No. DAY 22-01.

Plaintiff Barnes is proceeding without the assistance of counsel. He has also asked to proceed *in forma pauperis* ("IFP") and without paying the fees to file the case. (*See* "IFP Application," Doc. No. 1.) Upon review, it appears that the IFP Application is incomplete. Plaintiff is therefore **ORDERED** to file an amended application.

"Anyone who files a lawsuit in federal court presumptively must pay a filing fee." *Crump v. Blue*, 121 F.4th 1108, 1110 (6th Cir. 2024) (citing 28 U.S.C. § 1914(a)). The total fee amount for a civil action is $405, which consists of a $350 filing fee and a $55

administrative fee. *See* 28 U.S.C. § 1914; Administrative Office of the U.S. Courts, District Court Miscellaneous Fee Schedule, available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited October 19, 2026). The fees to file are generally due and paid when the case is opened.

However, a plaintiff who, because of their poverty, "cannot pay the fee may ask to proceed 'in forma pauperis,' a status that allows the litigant to pay the fee over time or sometimes not at all." *Crump,* 121 F.4th at 1110 (citing § 1915(a)-(b)). "Proceeding *in forma pauperis* is a privilege and not a right." *Ohio v. Ealy*, No. 1:09-cv-245, 2009 WL 1118704, at *1 (S.D. Ohio Apr. 24, 2009) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)). A litigant need not be absolutely destitute to be granted *in forma pauperis* status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "But a litigant does have an obligation of truthfulness in his filings in this Court, as well as a burden to demonstrate that he should be granted *in forma pauperis* status." *Wright v. Watson*, No. 2:22-cv-4042, 2023 WL 3509656, at *2 (S.D. Ohio May 17, 2023), *report and recommendation adopted*, 2023 WL 4042170 (S.D. Ohio June 16, 2023). Moreover, "[a] plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form." *West v. AFSCME Bldg. Corp.*, No. 2:22-cv-2235, 2022 WL 18142399, at *1 (W.D. Tenn. Apr. 14, 2022).

Here, Plaintiff Barnes has not submitted the application form used in this Court. The Court will provide him with the proper form. As filed, his IFP Application contains very little information. (Doc. No. 1.) It discloses that Plaintiff receives $298 in SNAP benefits, but no other information about income, assets, or expenses. (*Id.*) It is unclear

from the Application how Plaintiff supports himself and provides for his basic needs. *See Bey v. Wilmington Sav. Fund Soc'y*, No. 1:25-cv-1299, 2025 U.S. Dist. LEXIS 166393, at *5 (N.D. Ohio Aug. 27, 2025) (denying IFP where a plaintiff "provides no information on how much support he receives from ... other individuals, or how he obtains food, utilities, clothing, transportation, medical care, and other expenses. Gifts and support from others qualifies as income for consideration of an IFP application.").

The Court **ORDERS** Plaintiff to complete fully and accurately an Amended Application to proceed *in forma pauperis* and then submit it to the Court by **November 19, 2026**. In the alternative, he may pay $405 to the Clerk of Court by that date. If Plaintiff fails to respond to this order, the undersigned may recommend that the District Judge deny his IFP Application and order him to pay $405 to proceed with this case.

The Clerk of Court is **DIRECTED** to send to Plaintiff a blank copy of the IFP Application form used in this Court along with this Order.

Plaintiff is **ADVISED** that he must promptly notify the Court if his mailing address changes while this case is pending. *See Oesch v. Ohio Dep't of Corr.*, No. 2:19-cv-1758, 2019 WL 2289836, at *1 (S.D. Ohio May 29, 2019) ("Plaintiff has an affirmative duty to notify the Court of any change in address."). He may wish to review the resources for *pro se* parties on the Court's website.[1] He may also find and monitor the status of this case via the federal courts' PACER Case Locator service.[2] Finally, if

[1] Available at https://www.ohsd.uscourts.gov/pro-se.

[2] Available at https://pcl.uscourts.gov/pcl/index.jsf.

Plaintiff would prefer to receive documents from the Court by email rather than mail, he may complete and file with the Clerk of Court a Motion by Pro Se Litigant to Receive Service by Email Through the Electronic Case Filing System.[3]

**IT IS SO ORDERED**.

*s/Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

[3] Available at https://www.ohsd.uscourts.gov/electronic-case-filing, by choosing "Consent to Electronic Service."