**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| FREDRICK W. BARNES,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF SIDNEY OHIO, *et al.*,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:26-cv-00374<br><br>District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |

# REPORT AND RECOMMENDATION TO DENY *IN FORMA PAUPERIS* APPLICATIONS

This civil rights case is before the Court to consider Plaintiff Fredrick Barnes' two Applications to Proceed *In Forma Pauperis* (or "IFP"). (Doc. No. 1, 4.) Plaintiff filed the second Application as ordered when the Court found the first Application insufficient. (*See* Order for Amended IFP Application, Doc. No. 2.) For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that District Judge Newman **DENY** the Applications.

As noted, Plaintiff's first Application did not provide sufficient information about his financial status. (Doc. No. 1.) The undersigned previously observed that it

> contains very little information. (Doc. No. 1.) It discloses that Plaintiff receives $298 in SNAP benefits, but no other information about income, assets, or expenses. (*Id.*) It is unclear from the Application how Plaintiff supports himself and provides for his basic needs.

(Doc. No. 2 at PageID 48-49.)[1] The undersigned also specifically advised Plaintiff that

---

[1] The undersigned also noted that the form Plaintiff initially used was not the form used in this Court, and provided Plaintiff with the appropriate form, which he then filed. This form issue does not impact the analysis herein and is not held against Plaintiff.

"[g]ifts and support from others qualifies as income for consideration of an IFP application." (Doc. No. 2 at PageID 49.)

Plaintiff's second Application also contains very little information, and some of that information conflicts with the information provided in the first Application. (*Compare* Doc. No. 1 *with* Doc. No. 4.) Plaintiff again discloses SNAP benefits, in the amount of $306 (per month, presumably).[2] (Doc. No. 4 at PageID 306.) But Plaintiff again provides little other information about his current financial status. (Doc. No. 4.) He indicates that he has no income, no assets, no dependents, no bills, no cash on hand or in accounts, and no other money coming in from any other sources. (*Id.*) He does not disclose any gifts or support from others, such as the provision of housing, utilities, or transportation. (*Id.*) It thus remains unclear how Plaintiff supports himself and provides for his basic needs. *See Bey v. Wilmington Sav. Fund Soc'y*, No. 1:25-cv-1299, 2025 U.S. Dist. LEXIS 166393, at *5 (N.D. Ohio Aug. 27, 2025) (denying IFP where a plaintiff "provides no information on how much support he receives from ... other individuals, or how he obtains food, utilities, clothing, transportation, medical care, and other expenses. Gifts and support from others qualifies as income for consideration of an IFP application."); *Cognetto v. Comm'r of Soc. Sec.*, No. 14-cv-10006, 2014 U.S. Dist. LEXIS 12309, at *4 (E.D. Mich. Jan. 10, 2014) (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N. Y. 2002) ("courts consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the

---

[2] This minor discrepancy ($298 or $306) does not concern the undersigned.

necessities of life, such as from a spouse, parent, adult sibling, or other next friend.") (cleaned up).

Plaintiff's two Applications also contradict each other. Plaintiff stated in his first Application that he was employed in April 2026 by Surge Staffing, and in October 2025 by Express Employment. (Doc. No. 1 at PageID 2.) In contrast, in his second Application, Plaintiff states that he had not been employed since May 2024. (Doc. No. 4 at PageID 53.) This larger discrepancy does concern the undersigned, as Plaintiff signed both Applications under penalty of perjury. (Doc. No. 1 at PageID 1; Doc. No. 4 at PageID 54.)

Considering these issues together, the undersigned is not convinced that Plaintiff has been fully forthcoming about his financial situation. As the applicant, he has the burden to demonstrate that he should be allowed to proceed *in forma pauperis*. *Bey,* 2025 WL 2462451, at *1 ("It is the applicant's burden to demonstrate qualification for IFP status."). The undersigned concludes that Plaintiff has not provided sufficient information in his Applications and has not satisfied that burden.

The undersigned again acknowledges that:

> A litigant need not be absolutely destitute to be granted *in forma pauperis status*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "But a litigant does have an obligation of truthfulness in his filings in this Court, as well as a burden to demonstrate that he should be granted *in forma pauperis* status." *Wright v. Watson*, No. 2:22-cv-4042, 2023 WL 3509656, at *2 (S.D. Ohio May 17, 2023), *report and recommendation adopted*, 2023 WL 4042170 (S.D. Ohio June 16, 2023). Moreover, "[a] plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form." *West v. AFSCME Bldg. Corp.*, No. 2:22-cv-2235, 2022 WL 18142399, at *1 (W.D. Tenn. Apr. 14, 2022)

(Doc. No. 2 at PageID 48.) As Plaintiff has not demonstrated that he qualifies for IFP status, the default rule applies: s"Anyone who files a lawsuit in federal court presumptively must pay a filing fee." *Crump v. Blue*, 121 F.4th 1108, 1110 (6th Cir. 2024) (citing 28 U.S.C. § 1914(a)).

Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's two Applications to Proceed *In Forma Pauperis* (Doc. No. 1, 4) and **ORDER** him to pay $405 by a date certain if he wants to proceed with this case.

Plaintiff may file Objections to these recommendations as described in the section below. He is **REMINDED** that he must promptly notify the Court if his mailing address changes while this case is pending.

**IT IS SO RECOMMENDED**.

*s/Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

**DEADLINE TO FILE OBJECTIONS**

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation ("R&R") **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers sufficient. If proper objections are timely filed, then the District Judge will conduct a de

novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).